UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

M AND N LUXURY AV, LLC

Plaintiffs,

v.

BANG AND OLUFSEN AMERICA, INC. , et al.

Defendants.

CASE NO: 2:24−cv−02230−DSF−KES

**ORDER RE JURY TRIAL**

## I. DEADLINES

A. Motion to Amend Pleadings or Add Parties Cut-off: 11/4/2024

B. Discovery Cut−Off: 4/30/2025

C. Expert Witness Exchange Deadline:
Initial: 6/30/2025;
Rebuttal: 7/31/2025;
Cut−off: 9/1/2025

D. Motion Hearing Cut−off: 11/24/2025

E. ADR Cut−off: 12/8/2025

F. Trial Documents (Set One): 1/12/2026

G. Trial Documents (Set Two): 1/19/2026

H. Final Pre-Trial Conference: 2/2/2026 at 03:00 PM

I. Trial Date: 3/3/2026 at 08:30 AM

## II. TRIAL PREPARATION

## III. CONDUCT OF ATTORNEYS AND PARTIES

I

**DEADLINES**

A. PARTIES/PLEADINGS

The Court has established a cut−off date for adding parties or amending pleadings. All motions to add parties or to amend the pleadings must be noticed to be heard on or before the cut−off date. All unserved parties will be dismissed at the time of the pretrial conference pursuant to Local Rule 16−8.1.

B. DISCOVERY AND DISCOVERY CUT−OFF

1. Discovery Cut−off: The Court has established a cut−off date for discovery and expert discovery if applicable. This is not the date by which discovery request must be served; it is the date by which all discovery, including all hearing on any related motions, is to be completed. The parties should review carefully any motion requirements of the assigned magistrate judge to ensure that motions are made timely.

2. Discovery Disputes: Counsel are expected to comply with all Local Rules and the Federal Rules of Civil Procedure concerning discovery. Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable, and professional manner. The Court expects that counsel will adhere strictly to the Civility and Professionalism Guidelines, which can be found on the Court's website under "Attorney Information>Attorney Admissions."

3. Discovery Motions: Any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted

4. Depositions: All depositions must commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition

before the cut-off date.

5. Written Discovery: All interrogatories, requests for production of documents, and requests for admissions must be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

6. Expert Discovery: All disclosures must be made in writing. The parties should begin expert discovery shortly after the initial designation of experts. The pretrial conference and trial dates will not be continued merely because expert discovery is not completed. Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

C. MOTIONS

The Court has established a cut-off date for the hearing of motions. All motions must be noticed so that the hearing takes place on or before the motion cut-off date. Counsel must provide Chambers with conformed paper chambers copies of all documents. Chambers copies should not be put in envelopes. Counsel should consult the Court's Standing Order, previously provided, to determine the Court's requirements concerning motions. A copy ofthe Standing Order is also available on the Court's website at www.cacd.uscourts.gov>Judges' Procedures and Schedules>Hon. Dale S. Fischer.

D. PRETRIAL CONFERENCE

1. A pretrial conference date has been set pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16-8. Each party appearing in this action must be represented at the pretrial conference by the attorney who is to have charge of the conduct of the trial on behalf of such party, unless excused for good cause. Counsel should not claim to be co-lead trial counsel for the purpose of avoiding this requirement. If counsel purport to be co-lead trial counsel, **both** must attend the pretrial conference. Counsel should be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or

summaries, time limits, stipulations to admissions of exhibits and undisputed facts.

2. STRICT COMPLIANCE WITH LOCAL RULE 16 IS REQUIRED. THIS ORDER SETS FORTH SOME DIFFERENT AND SOME ADDITIONAL REQUIREMENTS. THIS COURT DOES NOT EXEMPT *PRO PER* PARTIES FROM THE REQUIREMENTS OF RULE 16. Carefully prepared memoranda of contentions of fact and law, witness lists, a joint exhibit lists, and a proposed pretrial conference order must be submitted in accordance with the Rules and this Order, and the format of the proposed pretrial conference order must conform to the format set forth in Appendix A to the Local Rules. Failure of documents to comply with these requirements may result in the pretrial conference being taken off-calendar or continued, or in other sanctions.

3. The memoranda of contentions of fact and law, witness lists, and the joint exhibit list must be filed not later than the dates set by the Court.

4. In addition to the requirements of Local Rule 16, the witness lists must include a brief (one or two paragraph) description of the testimony, and a time estimate for both direct and cross-examination (separately stated). If two or more witnesses will testify on the same topics, counsel must explain why more than one witness is necessary. A separate version of the witness list containing only the names of the witnesses and a separate column to insert the dates on which the witness testified, and the joint exhibit list, must be submitted to the Chambers email box in Word format. Mandatory paper chambers copies must also be submitted.

5. Other documents to be filed in preparation for, and issues to be addressed at, the pretrial conference are discussed below.

E. ALTERNATIVE DISPUTE RESOLUTION (ADR) PROCEDURES/NOTICE OF SETTLEMENT

1. Counsel must complete an ADR proceeding no later than the date set by the Court.

2. No case will proceed to trial unless all parties, including an officer of all corporate parties (with <u>full</u> authority to settle the case), have appeared personally at an ADR proceeding.

3. If settlement is reached, it must be reported immediately to the courtroom deputy clerk (CRD) as required by Local Rule 16-15.7 regardless of the day or time settlement is reached. In addition, counsel must immediately send a notification of the settlement to the Chambers email box

4. In all cases set for jury trial, the parties must notify the Court no later than the Wednesday preceding the Tuesday trial date of any settlement so that the necessary arrangements can be made to schedule a different case for trial or notify the members of the public who would otherwise be reporting for jury duty that their services are not needed on that date.

5. Failure to comply with these notification requirements will cause counsel/parties to be charged for the costs related to proceeding jurors and may result in the imposition of sanctions on counsel for one or more parties, their clients, or both.

## II

## ADDITIONAL TRIAL PREPARATION

A. <u>MOTIONS *IN LIMINE*</u>

All motions *in limine* must be filed by the date established by the Court. Each side is limited to five motions *in limine* unless the Court orders otherwise for good cause shown. Counsel are to meet and confer to determine whether opposing counsel intends to introduce the disputed evidence, etc. and to attempt to reach an agreement that would obviate the motion. Opposition must be filed by the date established by the Court. The Court generally will rule on motions *in limine* at the pretrial conference. Motions in *limine* should address specific issues (i.e., *not* “to exclude all hearsay,” etc.). Motions *in limine* should not be disguised motions for summary adjudication of issues.

B. JURY INSTRUCTIONS, SPECIAL VERDICT FORMS, VOIR DIRE, JURY SELECTION

1. At least fourteen days before the meeting of counsel required by Local Rule 16−2 (which must occur at least 40 days before the date set for the pretrial conference), plaintiff(s) counsel must serve on defense counsel proposed jury instructions and proposed verdict/special verdict forms. Within 7 days, defense counsel must serve objections, if any, to those instructions and verdict forms, as well as any proposed alternative or additonal instructions and verdict forms. Before or at the Rule 16-2 meeting, counsel must attempt to come to agreement on the proposed jury instructions and verdict forms.

2. When the Manual of Model Jury Instructions for the Ninth Circuit provide an applicable jury instructions, the parties should submit the most recent versions, modified and supplemented to fit the circumstances of this case. Where language appears in brackets, the appropriate language should be selected. All blanks should be completed. Where California law applies, counsel should use the current edition of California Jury Instructions - - Civil (BAJI or CACI). If neither is applicable, counsel should consult the instructions manuals from other circuits or states, as applicable. When submitting other than Ninth Circuit or California instructions, counsel should be sure that the law on which the instructioins is based is the same as Ninth Circuit law (or California or other state law, if applicable) on the subject. Counsel may submit alternatives to the Ninth Circuit model jury instructions, or BAJI or CACI, only if counsel has a reasoned argument that those instructions do not properly state the law or they are incomplete.

3. The Court has its own introductory instructions (instructions read before opening statements). Counsel should provide only instructions to be read after the evidence has been submitted or that may be appropropriate during trial.

4. Each requested instruction must (a) cite the authority or source of the

instructions, (b) be set forth in full, (c) be on a separate page, (d) be numbered, (e) cover only one subject or principle of law, and (f) not repeat principals of law contained in any other requested instructions.

5. By the date set by the Court, counsel must file with the Court and submit (electronically to the Chambers email box and in paper form) a JOINT set of jury instructions on which there is agreement. The Court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law. If one party fails to comply with the provisions of this section, the other party must file a unilateral set of jury instructions, unless that party wishes to waive jury trial.

6. At the same time, each party must file with the Court and submit (electronically to the Chambers email box in paper form) its proposed jury instructions that are objected to by any other party. Each disputed instruction must have attached a short (one or two paragraph) statement, including points and authorities in support of the instructionsas well as brief statement, including points and authorities, in support of any objections. A proposed alternative instruction must be provided, if applicable. If the Court believes there are so many disputed instructions that the trial would be unnecessarily interrupted in order for the Court to resolve disputes, the Court will determine that the matter is not yet ready to be tried, and will order counsel to continue to meet and confer until most of the disputes are resolved.

7. Counsel must provide the documents described in paragraphs 5 and 6 to the Chambers email box in Word format at the time they file their proposed jury instructions.

8. The Court will send one or more copies of the instructions into the jury room for the jury's use during deliberations. Therefore, in addition to the copies described above, the Chambers email versions must contain a “clean” set of jury instructions, containing only the text of the instructions (one per page) with the

caption "Instruction No. [Leave blank] at the top (eliminating table of contents, titles, supporting authority, etc.). This document must have page numbers.

9. Counsel must provide an index of all instructions submitted, which must include the following:

a. The number of the instruction.

b. The title of the instruction;

c. the source of the instruction and any relevant case citations;

d. The page number of the instruction.

For example:

| Number | Title | Source | Page |
|---|---|---|---|
| 1 | Duty of the Jury | 9th Cir. 1.4 | 1 |

10. **<u>FAILURE TO FOLLOW THE PRECEDING PROVISIONS OF THIS SECTION WILL SUBJECT THE NON-COMPLYING PARTY AND ATTORNEY TO SANCTIONS AND WILL BE DEEMED TO CONSTITUTE A WAIVER OF JURY TRIAL.</u>**

11. During the trial and before argument, the Court will meet with counsel and settle the instructions, and counsel will have an opportunity to make a further record concerning their objections.

12. At the time of lodging the proposed pretrial conference order, counsel should file a jointly prepared one or two page statment of the case to be read by the Court to the prospective panel of jurors before commencement of voir dire.

13. The Court will conduct the voir dire. The Court provides a list of basic questions, and may provide a list of additional questions to jurors before voir dire. (This is not a questionnaire to be completed by jurors.) Counsel may, but are not required to, file and submit (electronically to the Chambers email box and in paper form in Word format) a list of proposed case-specific voir dire questions at the time they lodge the proposed pretrial conference order

14. In most cases the Court will conduct its initial voir dire of 16 prospective jurors who will be seated in the jury box. Generally the Court will select eight jurors.

15. Each side will have three peremptory challenges. Once all challenges for cause and peremptory challenges are exercised, the eight jurors in the lowest numbered seats will be the jury. If fewer than eight jurors remain, the Court may decide to proceed with six or seven jurors.

C. <u>GLOSSARY, TRIAL EXHIBITS WITNESS LISTS, ETC.</u>

1. All counsel are to meet not later than ten days before trial and to stipulate, so far as is possible, to foundation, to waiver of the best evidence rule, and to those exhbits that may be received into evidence at the start of the trial.

2. At least one week before trial, counsel must send to the Chambers email box in Word format:

a. A case-specific glossary for the court reporter that includes applicable medical, scientific, or technical terms, slang, the names and spellings of case names likely to be cited, street/city/country names, all parties/entities involved in the case, names of people interviewed/deposed, names of family members, friends, or others who might be mentioned, and other case-specific terminology;

b. The party's witness list, with a column to add the date on which the witness testified;

c. The joint exhibit list in the form specified in Local Rule 16-6. An annotated exhibit list identifying the exhibits to be received into evidence at the start of the trial must also be provided.

3. On the first morning of trial, counsel must submit to the CRD:

a. All original exhibits (except those to be used for impeachment only), with official exhibit tags attached and bearing the same number shown on the exhibit list. Exhibit tags may be obtained from the receptionist in the Public

Intake Section, located on the 1st floor of the Edward R. Roybal Federal Building at 255 East Temple St., Room 180. Digital exhibit tags are also available on the Court's website under Court forms>General forms>Form G-14A (plaintiff) and G-14B (defendant). Exhibit must be numbered 1, 2, 3, etc., NOT 1.1, 1.2, etc. and in accordance with Local Rule 16-6. The defense exhibit numbers must not duplicate plaintiff's numbers. If a "blow-up" is an enlargement of an existing exhibit, it must be designated with the number of the original exhibit followed by an "A.";

b. Two sets of the exhibits that can be reproduced (one for the Court and one for witnesses) placed in three-ring binders with divider tabs containing the exhibit numbers. The face and spine of the binders must be marked with the case name and number, the volume number, and the number range of the exhibits in the binder. Each binder must contain an index of the exhibits included in the volume.

4. A copy of the exhibit list with all admitted exhibits will be given to the jury during deliberations. Counsel must review and approve the exhibit list with the CRD before the list is given to the jury.

5. Where a significant number of exhibits will be admitted, the Court encourages counsel, preferably by agreement, to consider ways in which testimony about exhibits may be intelligible to the jury while it is being presented. Counsel should consider such devices as jury notebooks for admitted exhibits, or enlargements of important exhibits. The Court has an Elmo and other equipment available for use during trial. Information concerning training on the use of electronic equipment is available. Details are posted on the Court's website. To make reservations for training, call 213-894-3061 The Court does not permit exhibits to be "published" by passing them up and down the jury box. Exhibits may be displayed briefly using the screens in the courtroom, unless the process becomes too time-consuming.

6. Counsel must not attempt to display or use any charts or enlargements of exhibits unless all counsel have agreed to their use or objections have been heard and a ruling has been made.

D. TRIAL

1. On the day of jury selection, trial will begin at 9:00 a.m. Counsel must be prepared to go on the record at 8:30 a.m. Thereafter, trial days are generally Tuesday through Friday, 8:00 a.m. to 2:00 p.m., with three fifteen-minute breaks. When necessary, trials may continue beyond the normal schedule. If counsel contemplate that this schedule will be problematic due to the availability of witnesses, counsel should provide details to the Court at the pretrial conference.

2. On the day of jury selection, the Court reserves the time from 8:30 a.m. to 9:00 a.m. to handle legal and administrative matters. Jury selection will begin promptly at 9:00 a.m. or as soon as jurors are available. Thereafter, legal and adminstrative matters must be addressed between 7:45 a.m. and 8:00 a.m. All counsel are urged to anticipate matters that may need to be addressed outside of the presence of the jury and to raise them during this period or at the end of the day. The Court does not make jurors wait while counsel discuss matters that should have been addressed previously. Counsel are urged to consider any unusual substantive or evidentiary issues that may arise, and to advise the Court of such issues as early as possible. Short briefs addressing such disputed issues are welcome.

3. Before trial begins, the Court will give counsel an opportunity to discuss administrative matters and anticipated procedural or legal issues. Before trial begins, and as soon as the information becomes available to counsel, counsel should advise the court of any concerns or accommodations that are requested for parties or witnesses. During trial, if there are any matters to be discussed outside the presence of the jury, counsel must advise the CRD of the request. The Court discourages sidebars during trial.

4. All orders for transcripts must be ordered through the court reporters, Pat Cuneo, who can be contacted through www.patcuneo.com

**III**

**CONDUCT OF ATTORNEYS AND PARTIES**

A. OPENING STATEMENTS, EXAMINIG WITNESSES, AND SUMMATION

1. Counsel must use the lectern for opening statements, examination of witnesses, and summation.

2. Counsel must not consume time by writing out words, drawing charts or diagrams, etc. Counsel may do so in advance and explain that the item was prepared earlier as ordered by the Court to save time.

3. The Court will establish reasonable time estimates for opening and closing, arguments, examination of witnesses, etc.

B. OBJECTIONS TO QUESTIONS

1. Counsel must not use objectins for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

2. When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection. If counsel wishes to argue an objection further, counsel must ask for permission to do so.

C. GENERAL DECORUM

1. Counsel should not approach the CRD or the witness box without specific permission. If permission is given, counsel should return to the lecturn when the purpose has been accomplished. Counsel should not question a witness at the witness stand.

2. Counsel and parties should rise when adddressing the Court, and when the Court or the jury enters or leaves the courtroom.

3. Counsel should address all remarks to the Court. Counsel are not to address the CRD, the court reporter, persons in the audience, or opposing counsel

while on the record. If counsel wish to speak with opposing counsel, counsel must ask permission to do so. Any requset for the re-reading of questions or answers must be addressed to the Court. Such requests should be limited and are not likely to be granted.

4. Counsel should not address or refer to witnesses or parties by first name alone. Young witnesses (under 14) may, however, be addressed and referred to by first name.

5. Counsel must not offer a stipulation unless counsel has conferred with opposing counsel and has verified that the stipulation will be acceptable.

6. While Court is in session, counsel must not leave counsel table to confer with any personnel or witnesses unless permission has been granted in advance.

7. Counsel should not be facial expression, nodding, or other conduct exhibit any opinion, adverse or favorable, concerning any testimony being given by a witness, statements or arguments by opposing counsel, or rulings by the Court. Counsel should admonish counsel's own clients and witnesses to avoid such conduct.

8. Counsel should not talk to jurors at all, and should not talk to co-counsel, opposing counsel, witnesses, or clients where the conversation can be overheard by jurors. Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.

9. Where a party has more than one lawyers, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

D. PROMPTNESS OF COUNSEL AND WITNESSES

1. The Court makes every effort to begin proceedins at the time set. Promptness is expected from counsel and witnesses. Once counsel are engaged in trial, the trial is counsel's first priority. The Court will not delay the trial or inconvenience jurors except under extraordinary circumstances. The Court will

advise other courts that counsel are engaged in trial in this Court on request.

2. If a witness was on the stand at a recess or adjournment, counsel must have the witness back on the stand, ready to proceed, when the court session resumes.

3. Counsel must notify the CRD in advance if any witness should be accommodated based on a disability or for other reasons.

4. No presenting party may be without witnesses. If counsel has no more witnesses to call and there is more than a brief delay, the Court may deem that party to have rested.

5. The Court attempts to cooperate with professional witnesses and will, except in extradinary circumstances, accommodate them by permitting them to be called out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is an objection, counsel must confer with the Court in advance.

E. EXHIBITS

1. Each counsel should keep counsel's own list of exhibits and should note when each has been admitted into evidence.

2. Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

3. An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the CRD mark it for identification. To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in court.

4. Counsel are to advise the CRD of any agreements they have with respect to the proposed exhibits and as to those exhibits that may be received so that no further motion to admit need be made.

5. When referring to an exhibit, counsel should refer to its exhibit number

whenever possible. Witnesses should be asked to do the same.

6. Counsel must not ask witnesses to draw charts or diagrams or ask the Court's permission for a witness to do so. If counsel wishes to question a witness in connection with graphic aids, the material must be fully prepared before the court session starts.

F. DEPOSITIONS

1. All depositions to be used at trial, either as evidence or potentially for impeachment, must be lodged with the CRD on the first day of trial or such earlier date as the Court may order. Counsel should verify with the CRD that the relevant deposition is in the CRD's possession.

2. In using depositions of an adverse party for impeachment, either one of the following procedures may be used:

a. If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel must first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection. Counsel may then read the portions of the deposition into the record.

b. If counsel wishes to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved. Counsel may either ask the witness further questions on the matter and then read the quotations, or read the quotations and then ask further questions. Counsel should have an extra copy of the deposition for this purpose.

3. Where a witness is absent and the witness's testimony is offered by deposition, counsel may (a) have a reader occupy the witness chair and read the testimony of the witness while the examining layer asks the questions, or (b) have counsel read both the questions and answers.

G. USING NUMEROUS ANSWERS AND INTERROGATORIES AND

REQUESTS FOR ADMISSIONS

Whenever counsel expects to offer a group of answers to interrogatories or requests for admission extracted from one or more lengthy documents, counsel should prepare a new document listing each question and answer, and identifying the document from which it has been extracted. Copies of this new document should be given to the Court and opposing counsel.

H. ADVANCE NOTICE OF DIFFICULT OR UNUSUAL ISSUES

If any counsel has reason to anticipate that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, counsel must give the Court advance notice. Counsel are directed to notify the CRD at the day's adjournment if an unexpected legal issue arises. Counsel must also advise the CRD at the end of each trial day of any issues that must be addressed outside the presence of the jury, so that there is no interruption of the trial. THE COURT WILL NOT KEEP JURORS WAITING.

**N.B. "COUNSEL," AS USED IN THIS ORDER, INCLUDES PARTIES APPEARING *IN PROPRIA PERSONA*.**

**IT IS SO ORDERED.**

DATED: September 18, 2024

/s/ *Dale S. Fischer*
Dale S. Fischer
United States District Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| | ) | CASE NO. CV DSF( x) |
| Plaintiff(s), | ) | |
| | ) | **EXHIBIT LIST** |
| vs. | ) | |
| | ) | *SAMPLE FORMAT* |
| Defendant(s). | ) | |

| **EX. No.** | **DESCRIPTION** | **IDENTIFIED** | **ADMITTED** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

FINAL JOINT TRIAL WITNESS ESTIMATE FORM

CASE: ___________________________ TRIAL DATE: ___________________________

| | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X−EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| | TOTAL ESTIMATES THIS PAGE: | | | | |

Instructions:

(1) List witnesses (last name first); (2) For description, be extremely brief, e.g., "eyewitness to accident" or "expert on standard of care;" (3) Use estimates within fractions of an hour, rounded off to closest quarter of an hour, e.g., if you estimate 20 minutes, make it .25. An estimate of one and one−half hours would be 1.5. An estimate of three−quarters of an hour would be .75; (4) Note special factors in "Comments" column, e.g., "Needs interpreter;" (5) Entries may be in handwriting if very neat and legible.