**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M&N LUXURY AV, LLC,<br>Plaintiff,<br><br>v.<br><br>BANG & OLUFSEN AMERICA INC., et al.,<br>Defendants. | 2:24-cv-02230-DSF-KESx<br><br>Order DENYING Ex Parte Application to Amend Scheduling Order (Dkt. 150) |

Plaintiff M&N Luxury AV, LLC has filed an ex parte application to amend the scheduling order in this case. Plaintiff seeks a two-month continuance of the trial in this matter as well as various other extensions including a five-month extension of the fact discovery cut-off. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

Ex parte relief requires a moving party to show it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). In addition, the moving party must establish that it is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. In general, the "opportunities for legitimate ex parte applications are extremely limited." See Horne v. Wells Fargo Bank, N.A., 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (simplified).

Plaintiff claims that ex parte relief is appropriate because the fact discovery deadline has already passed and the expert discovery

deadline is on May 1. However, as noted in the opposition, Plaintiff has been aware of the various discovery disputes in this case for months and failed to file either a motion to compel or an earlier motion to modify the scheduling order. Therefore, there are no grounds to hear Plaintiff's motion on an expedited basis.

But even if ex parte treatment were warranted, Plaintiff's application would fail. "The district court is given broad discretion in supervising the pretrial phase of litigation." United States v. Dang, 488 F.3d 1135, 1143 (9th Cir. 2007)(quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). Once the district court has issued a pretrial scheduling order, however, "[the] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Therefore, after the order is issued, Rule 16(b), not Rule 15(a), governs amendments to the pleadings. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000); see also Johnson, 975 F.2d at 607-08 ("Once the district court had filed a pretrial scheduling order . . . which established a timetable for amending pleadings [Rule 16(b)'s] standards controlled.").

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609 (internal quotations omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id. (internal citation omitted).

For basically the same reason that ex parte treatment is not appropriate, Plaintiff has not demonstrated that it has been diligent prior to seeking to amend the scheduling order. The parties have had ongoing discovery disputes for months and it was Plaintiff's responsibility to file a motion to compel within the deadlines set by the

Court if it believed that Defendants' production was insufficient. Plaintiff failed to do so, and that failure does not constitute good cause to amend the scheduling order.

The ex parte application is DENIED.

IT IS SO ORDERED.

Date: April 29, 2026

Dale S. Fischer
United States District Judge